IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

INSTABOOK CORPORATION,
a Florida corporation,

    Plaintiff,

CASE NO.:

6:07-cv-1336-ORL-31 DAB

AMAZON.COM, INC., a Washington
corporation and ON-DEMAND PUBLISHING,
LLC, a South Carolina Limited Liability
Company,

    Defendant.

_____/

## COMPLAINT FOR PATENT INFRINGMENT
## JURY TRIAL AND INJUNCTIVE RELIEF REQUESTED

Plaintiff, INSTABOOK CORPORATION, (hereinafter referred to as "INSTABOOK"), and hereby sues the Defendants, AMAZON.COM, INC., (hereinafter referred to as "AMAZON"), and ON-DEMAND PUBLISHING, LLC, (hereinafter referred to as "ODP") and as grounds therefore alleges as follows:

### PARTIES, JURISDICTION and VENUE

1.    Plaintiff INSTABOOK is a Florida corporation having its principal place of business located at 12300 NW 56th Avenue, Gainesville, Florida 32653.

2. Defendant AMAZON is a Washington corporation having its principal place of business located at 1200 12th Avenue South, Ste. 1200, Seattle, Washington, 98144-2734.

3. Defendant ON-DEMAND PUBLISHING, LLC is a South Carolina Corporation located at 75 Beattie Place, Greenville, South Carolina 29601, that recently merged with BOOKSURGE, LLC an administratively dissolved South Carolina corporation.

4. AMAZON and ODP conduct business within this State and/or judicial district; have committed tortious acts within this State and/or judicial district, including acts of infringement; and, engage in substantial and not isolated activity within this state and/or this judicial district.

5. This Court has subject matter jurisdiction over all counts plead herein pursuant to 28 U.S.C. §1338(a).

6. Venue is proper in the Middle District of Florida under 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b), and in this Division pursuant to Local Rule 1.02 of the United States District Court for the Middle District of Florida.

**FACTS COMMON TO ALL COUNTS**

7. On January 11, 2000, the United States Patent Office issued a patent to Victor Manual Celorio Garrido for an ELECTRONIC BOOKSTORE VENDING MACHINE, U.S. Patent No. 6,012,890 (the "'890 Patent"). The '890 Patent discloses and claims a method and a system for producing books on-demand. A true and correct copy of the '890 Patent is attached hereto as Exhibit "A".

2

8. On April 10, 2001, the United States Patent Office issued a patent to Victor Manual Celoria Garrido for an ELECTRONIC BOOKSTORE VENDING MACHINE, U.S. Patent No. 6,213,703 B1 (the "'703 Patent"). The '703 Patent describes and claims a method and system for producing books on-demand. A true and correct copy of the '703 Patent is attached hereto as Exhibit "B".

9. INSTABOOK is the owner of legal title to the '890 Patent and the '703 Patent through assignment which has been recorded with the United States Patent and Trademark Office.

10. BOOKSURGE, LLC was in the business of providing on-demand book printing and publishing services and was acquired by Defendant AMAZON in 2005. BOOKSURGE, LLC became a subsidiary of Defendant AMAZON.

11. BOOKSURGE, LLC then merged with Defendant ODP in May of 2007 and BOOKSURGE, LLC was administratively dissolved.

12. On information and belief, Defendants AMAZON and ODP knowingly and willfully have provided and continue to provide on-demand book printing services using methods and systems disclosed and claimed in the '890 Patent and '703 Patent.

13. All conditions precedent to the institution and maintenance of this action have occurred or have been performed.

## COUNT I– DIRECT INFRINGEMENT
## AGAINST AMAZON – '890 PATENT

14. INSTABOOK hereby incorporates and realleges the allegations contained in paragraphs 1 through 13 above.

15. This is a cause of action against AMAZON pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '890 Patent

16. On information and belief, AMAZON has provided and continues to provide on-demand book printing services using methods and systems disclosed and claimed in the '890 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(a).

17. AMAZON has offered and continues to offer for sale, sells and/or imports books that are produced using methods and systems disclosed and claimed in the '890 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(g).

18. The acts of infringement are engaged in by AMAZON are willful.

19. The actions of AMAZON as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '890 Patent; thereby giving rise to specific personal jurisdiction over AMAZON.

20. The acts of direct infringement set forth above have damaged and will continue to damage INSTABOOK, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

## COUNT II– DIRECT INFRINGEMENT AGAINST ON–DEMAND PUBLISHING, LLC - '890 PATENT

21. INSTABOOK hereby incorporates and realleges the allegations contained in paragraphs 1 through 13 above.

22. This is a cause of action against ODP pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '890 Patent

23. On information and belief, ODP has provided and continues to provide on-demand book printing and publishing services using methods and systems disclosed and claimed in the '890 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(a).

24. ODP has offered and continues to offer for sale, sells and/or imports books that are produced using methods and systems disclosed and claimed in the '890 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(g).

25. The acts of infringement are engaged in by ODP are willful.

26. The actions of ODP as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '890 Patent; thereby giving rise to specific personal jurisdiction over ODP.

27. The acts of direct infringement set forth above have damaged and will continue to damage INSTABOOK, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

### COUNT III– DIRECT INFRINGEMENT AGAINST AMAZON– '703 PATENT

28. INSTABOOK hereby incorporates and realleges the allegations contained in paragraphs 1 through 13 above.

29. This is a cause of action against AMAZON pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '703 Patent.

30. AMAZON has provided and continues to provide on-demand book printing and publishing services using methods and systems disclosed and claimed in the '703 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(a).

31. AMAZON has offered and continues to offer for sale, sells and/or imports books that are produced using methods and systems disclosed and claimed in the '703 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(g).

32. The acts of infringement engaged in by AMAZON are willful.

33. The actions of AMAZON as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '703 Patent, thereby giving rise to specific jurisdiction over AMAZON.

34. The acts of direct infringement by AMAZON have damaged and will continue to damage INSTABOOK, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

**COUNT IV– DIRECT INFRINGEMENT
AGAINST ON-DEMAND PUBLISHING, LLC – '703 PATENT**

35. INSTABOOK hereby incorporates and realleges the allegations contained in paragraphs 1 through 13 above.

36. This is a cause of action against ODP pursuant to 35 U.S.C. § 271(a) and (g) for direct infringement of the '703 Patent.

37. ODP has provided and continues to provide on-demand book printing and publishing services using methods and systems disclosed and claimed in the '703 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(a).

38. ODP has offered and continues to offer for sale, sells and/or imports books that are produced using methods and systems disclosed and claimed in the '703 Patent, without the authorization of INSTABOOK, in violation of 35 U.S.C. § 271(g).

39. The acts of infringement engaged in by ODP are willful.

40. The actions of ODP as stated above constitute acts of direct infringement which have occurred in the Middle District of Florida, since the issuance of the '703 Patent; thereby giving rise to specific jurisdiction over ODP.

41. The acts of direct infringement by ODP have damaged and will continue to damage INSTABOOK, causing irreparable harm, for which there is no adequate remedy at law. Such unlawful acts and damage will continue to occur unless enjoined by this Court.

**WHEREFORE**, Plaintiff INSTABOOK CORPORATION requests the following relief from the Defendants AMAZON.COM, INC., and ON-DEMAND PUBLISHING, LLC:

A) Preliminary and permanent injunctive relief enjoining all acts of infringement as provided under 35 U.S.C. § 283;

B) Compensatory damages as provided under 35 U.S.C. § 284;

C) Enhancement of damages as provided under 35 U.S.C. § 284;

D) An award of INSTABOOK's reasonable attorneys fees and costs as provided under 35 U.S.C. § 285 and Rule 54(d), Fed.R.Civ.P.;

E)   An award of prejudgment and post-judgment interest; and

F)   Such other and further relief as the Court deems just, fair and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable

DATED this 24²day of August, 2007.

Respectfully Submitted,

BEUSSE WOLTER SANKS
   MORA, & MAIRE, P.A.
390 N. Orange Avenue
Suite 2500
Orlando, Florida 32801
Telephone:   (407) 926-7700
Facsimile:   (407) 926-7720
E-mail:   dbrodersen@iplawfl.com
Attorneys for Plaintiff

By: /s/ Brodersen
Daniel N. Brodersen
Florida Bar No.: 0664197
James H. Beusse
Florida Bar No.: 471364
Terry M. Sanks
Florida Bar No.: 0154430
Amber L. Neilson
Florida Bar No.: 0026628

8